**[ORAL ARGUMENT NOT YET SCHEDULED]**
**No. 12-7111**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,**

**Appellants,**

**v.**

**DAILOESLAM SEID HASSAN,**

**Appellee.**

---

**Appeal from a Final Judgment, and Underlying Orders, Entered by the United States District Court for the District of Columbia (D.C. No. 1:08-cv-00705-JDB) (The Hon. John D. Bates, Presiding)**

---

# PAGE-PROOF OPENING BRIEF OF APPELLANTS TRITA PARSI AND NATIONAL IRANIAN AMERICAN COUNCIL

---

DAVID A. SCHLESINGER
**JACOBS & SCHLESINGER LLP**
The Chamber Building
110 West C Street, Suite 901
San Diego, CA 92101
Telephone: (619) 230-0012
david@jsslegal.com

A.P. PISHEVAR
**PISHEVAR & ASSOCIATES P.C.**
226 N. Adams Street
Rockville, MD 20850
Telephone: (301) 279-8773
ap@pishevarlegal.com

Counsel for Appellants

August 15, 2013

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Under Circuit Rules 27(a)(4) and 28(a)(1), Appellants Trita Parsi and National Iranian American Council (collectively "NIAC") certify as follows:

**A. Parties:** The parties to this appeal are Appellants Trita Parsi and the National Iranian American Council, and Appellee Seid Hassan Daioleslam. Parsi and NIAC were the plaintiffs in the underlying district court case, and Hassan was the sole defendant.

**B. Rulings Under Review:** NIAC seeks review of the following district court orders: (1) underlying orders regarding NIAC's alleged discovery violations entered on July 1, 2010 (JA__-__), March 29, 2011 (JA__-__), and August 30, 2011 (JA__-__); (2) the district court's September 13, 2012, order (and accompanying memorandum opinion) awarding attorneys' fees and costs to Hassan for supposed discovery violations (JA__-__) (Parsi v. Daioleslam, 286 F.R.D. 73 (D.D.C. 2012)); (3) the district court's April 8, 2013, memorandum opinion and order awarding Hassan $183,480.09 plus post-judgment interest (JA__-__); and (4) the district court's judgment dated April 9, 2013 (JA__). The district court judge who issued all of these rulings is The Hon. John D. Bates. Except for the September 13, 2012, ruling, none of the other rulings has an official citation.

**C. <u>Related Cases</u>:** This case has not been before this Court previously, and counsel for NIAC is not aware of any related cases pending in this Court or any other federal courts of appeals.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....................ix

GLOSSARY....................xii

I. INTRODUCTION....................1

II. STATEMENT OF JURISDICTION....................2

A. The District Court's Jurisdiction....................2

B. This Court's Jurisdiction....................2

C. This Appeal's Timeliness....................2

III. PERTINENT STATUTES....................3

IV. STATEMENT OF ISSUES....................3

V. STATEMENT OF FACTS....................4

A. NIAC and Parsi Commence a Civil Action After Daioleslam Publishes Several Articles About Them....................5

B. The District Court Denies Daioleslam's Initial Motion for Summary Judgment....................6

C. Daioleslam Serves NIAC With a Broad Document Request....................7

D. Daioleslam Accuses NIAC of Withholding Outlook Calendar Entries, Draws an Adverse Inference Against NIAC, and Files the First of Its Motions to Compel....................7

1. The parties exchange letters and emails about NIAC's supplemental Outlook production and its IT setup....................9

2. Daioleslam Moves to Compel Forensic Imaging of NIAC's Calendar Entries.................................... 12

3. The district court directs the parties to cooperate regarding NIAC's Outlook calendars....................... 13

E. Daioleslam Again Requests That the District Court Order Forensic Imaging of NIAC's "Server"..................... 13

1. Kapshandy requests supplemental calendars entries in what he considers a native format............13

2. Kapshandy once again requests information about a NIAC "server".....................................................14

3. Kapshandy threatens to move to compel regarding the calendar entries..................................................14

4. NIAC produces supplemental calendar entries to Daioleslam in Excel format, prompting Kapshandy's objections...........................................15

5. Kapshandy responds negatively to NIAC's "troubling Excel spreadsheets, and insinuates that NIAC intentionally altered calendar entries.............16

6. NIAC's counsel disputes Kapshandy's calendar-related contentions...................................................16

7. NIAC notes that the parties had interchangeably produced documents in non-native formats...............17

F. The District Court Suggests That It Will Order Forensic Imaging.........................................................................18

G. The Parties Disagree on How Daioleslam Should Conduct Forensic Imaging.................................................19

H. The District Court Adopts Daioleslam's Proposed Language Regarding Cost-Shifting.................................. 20

I. NIAC Moves for Reconsideration.................................... 21

J. The District Court Denies NIAC's Motion for Reconsideration.................................................................23

K. Daioleslam Incorrectly Accuses NIAC of Withholding a Non-Existent Server From PwC......................................23

L. Daioleslam Subpoenas NIAC's Third-Party IT Consultant..........................................................................24

M. During a Later Telephone Conference, Daioleslam Again Accuses NIAC of Failing to Produce Its "Server" For Imaging............................................................................. 24

N. NIAC's IT Provider Submits An Affidavit to Daioleslam..........................................................................26

O. The Parties Submit Dueling Status Reports About the Forensic Imaging Process..................................................27

P. During a Follow-Up Discovery Hearing, Daioleslam Again Misstates the "Server" Issue....................................28

Q. The District Court Orders NIAC to Produce Either Its Shared Drive or Five CPUs for Imaging............................30

R. NIAC Produces a Shared Drive For Imaging, But Daioleslam Demands That NIAC Produce an Earlier Version................................................................................31

S. At a Status Conference, the District Court Invites the Parties to Seek Discovery-Related Sanctions, If Applicable............................................................................ .32

T. Following Communications Between the Parties' Counsel, NIAC Represents That Its Earlier Shared Drive Might Not Be Operational ..... 33

U. Daioleslam Once Again Moves to Compel NIAC to Produce What It Terms a "Server" – This Time, the Shared Drive That NIAC Used Before December 2009 ..... 34

V. The District Court Grants Daioleslam's Motion to Compel ..... 35

W. The District Court Orders NIAC to Produce the Pre-December 2009 Shared Drive For Imaging ..... 36

X. Daioleslam Moves for Summary Judgment and Discovery-Related Sanctions, Including Expenses For All Three Rounds of Forensic Imaging ..... 37

Y. The District Court is Disinclined to Find That NIAC Acted in Bad Faith or Intentionally Withheld Responsive Documents ..... 40

Z. The District Court Enters Summary Judgment in Daioleslam's Favor ..... 40

AA. Finding Explicitly Under a Clear-and-Convincing-Evidence Standard That NIAC Did Not Act in Bad Faith or Intentionally Violate Discovery Rules, the District Court Grants Daioleslam's Sanctions Motion in Part ..... 41

BB. The District Court Affixes Specific Awards to Sanctions-Related Categories, and Enters Judgment in Daioleslam's Favor ..... 44

VI. SUMMARY OF ARGUMENT ..... 45

VII. STANDARDS OF REVIEW ..... 47

A. Rule 37 .......... 47

B. Inherent Authority Sanctions .......... 48

C. Post-Judgment Interest .......... 48

VIII. THE DISTRICT COURT MISINTERPRETED A LEGAL STANDARD BY AWARDING VARIOUS EXPENSES THAT DID NOT RESULT FROM NIAC'S VIOLATING A DISCOVERY ORDER, AND IT THEREFORE ABUSED ITS DISCRETION .......... 49

A. NIAC's Belated Production of Its Shared Drives Did Not Violate the District Court's Discovery-Related Orders ......51

B. In Awarding Expenses Concerning Daioleslam's Serving Third-Party Subpoenas, the District Court Did Not Identify a Discovery-Related Order That NIAC Violated.. 53

C. The District Court Did Not Identify a Specific Order NIAC Violated That Resulted In Daioleslam's Having to Re-Depose Parsi .......... 54

D. The District Court Did Not Identify a Specific Order NIAC Violated That Resulted in Daioleslam's Having to Re-Depose Blout .......... 55

IX. NIAC WAS SUBSTANTIALLY JUSTIFIED IN OPPOSING DAIOLESLAM'S MOTIONS TO COMPEL IMAGING, AND THE DISTRICT COURT THEREFORE ABUSED ITS DISCRETION BYORDERING NIAC TO PAY EXPENSES CONCERNING THE MOTIONS AND THE IMAGING............56

A. Substantial Justification is a Complete Defense to a Party's Motion to Compel Under Rule 37(a)(1) .......... 57

B. NIAC's Opposing Daioleslam's First Motion to Compel Imaging Was Substantially Justified..................................58

C. NIAC's Opposing Daioleslam's Second Motion to Compel Imaging Was Substantially Justified..................... 60

D. NIAC's Opposing Daioleslam's Third Request to Compel Imaging Was Substantially Justified.....................62

X. THE DISTRICT COURT ERRED BY AWARDING EXPENSES UNDER ITS INHERENT AUTHORITY FOR NIAC'S ALLEGEDLY ALTERING IIC DOCUMENTS, NOTWITHSTANDING THE DISTRICT COURT'S CONCLUDING THAT DAIOLESLAM COULD NOT PROVE NIAC'S INTENT BY CLEAR AND CONVINCING EVIDENCE.......................................................................... 63

XI. THE DISTRICT COURT ERRED BY AWARDING DAIOLESLAM EXPENSES UNDER ITS INHERENT AUTHORITY FOR PARSI'S SUPPOSED INTERROGATORY MISREPRESENTATIONS....................... 65

XII. THE DISTRICT COURT ERRONEOUSLY ORDERED POST-JUDGMENT INTEREST TO BEGIN FROM THE DATE OF ITS SUMMARY JUDGMENT ORDER, RATHER THAN, AS § 1961(A) MANDATES AND THIS COURT HAS HELD, THE DATE IT ENTERED FINAL JUDGMENT.. 67

XIII. CONCLUSION.......................................................................... 68

CERTIFICATE OF COMPLIANCE..................................................... 70

CERTIFICATE OF SERVICE.............................................................. 71

INDEX TO ADDENDUM.................................................................. 72

# TABLE OF AUTHORITIES

**PAGE(s)**

**CASES**

Bonds v. District of Columbia, 93 F.3d 801 (D.C. Cir. 1996)...........47-48

*Chambers v. NASCO, Inc., 501 U.S. 32 (1991)........................ 48, 65-66

Green v. Bock Laundry Mach. Co., 490 U.S. 504 (1989)...................... 50

Hooks v. Washington Sheraton Corp., 642 F.2d 614 (D.C. Cir. 1980).. 67

Kapche v. Holder, 677 F.3d 454 (D.C. Cir. 2012)................................. 47

LaShawnA v. Barry, 87 F.3d 1389 (D.C. Cir. 1996) (en banc).............. 52

Manion v. American Airlines, Inc., 394 F.3d 428 (D.C. Cir. 2004)....... 48

*Mergentime Corp. v. Washington Metro Area Transit Auth., 166 F.3d 1257 (D.C. Cir. 1998)..............................................49, 67

Pierce v. Underwood, 487 U.S. 552 (1988).......................................57-58

Ranger Trans., Inc.v. Wal-Mart Stores, Inc., 903 F.2d 1185 (8th Cir. 1990) (per curiam)......................................................... 50

Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986)............................. 50

*Shepherd v. American Broadcasting Cos., 62 F.3d 1469 (D.C. Cir. 1995)......................................................2, 48-49, 64, 66

**STATUTES**

28 U.S.C. § 1291........................................................................... 2

28 U.S.C. § 1332(a)........................................................................ 2

*Authorities upon which we chiefly rely are marked with an asterisk.

*28 U.S.C. § 1961(a)....................................................4, 44-46, 67-69

28 U.S.C. § 2412(d).............................................................................57

**RULES**

Fed. R. App. P. 4(a)(2)........................................................................ 3

Fed. R. Civ. P. 12(b)(6)........................................................................ 6

Fed. R. Civ. P. 26...................................................................................7

Fed. R. Civ. P. 34...................................................................................7

Fed. R. Civ. P. 37..........................................1, 3, 45, 48, 50, 54-56, 68

Fed. R. Civ. P. 37(a)(1)............................ .......................12, 47,51, 54

Fed. R. Civ. P. 37(a)(5)(A).......................................... 3, 47, 49, 54, 63

*Fed. R. Civ. P. 37(a)(5)(A)(ii).......................................4, 46, 57-58, 60

Fed. R. Civ. P 37(a)(5)(A)(iii)...........................................................57

Fed. R. Civ. P. 37(b)...........................................................................47

Fed. R. Civ. P. 37(b)(2)......................................................37, 45, 61, 63

Fed. R. Civ. P. 37(b)(2)(A)..................................................................3

*Fed. R. Civ. P. 37(b)(2)(C)...............................45, 47, 49, 51-52, 54, 60

Fed. R. Civ. P. 54(d)...........................................................................44

Fed. R. Civ. P. 56...................................................................................6

Fed. R. Civ. P. 59(e)...........................................................................21

Fed. R. Evid. 609..........................................................................50

**OTHER AUTHORITIES**

United States Constitution, First Amendment........................................ 6

## GLOSSARY

| | |
|---|---|
| 3/5/2010 Min. Order | District court's March 5, 2010 Minute Order (JA__) |
| CEO | Chief Executive Officer |
| Compl. | Complaint in district court filed by NIAC and Trita Parsi on April 25, 2008 (JA__-__) |
| CPU | Central Processing Unit |
| Daioleslam 3/4/2010 Exs. | Exhibits attached to Daioleslam's first motion to compel, filed on March 4, 2010 (JA__-__) |
| Daioleslam 3/4/2010 Mot. Compel | Memorandum supporting Daioleslam's first motion to compel, filed on March 4, 2010 (JA__-__) |
| Daioleslam 6/2/2010 Exs. | Exhibits attached to Daioleslam's supplemental memorandum, filed on June 2, 2010 (JA__-__) |
| Daioleslam 6/2/2010 Supplemental Mem. | Daioleslam's supplemental memorandum, filed on June 2, 2010 (JA__-__) |

| | |
|---|---|
| Daioleslam 7/1/2011 Exs. | Exhibits attached to Daioleslam's motion to compel production of server, filed on July 1, 2011 (JA__-__) |
| Daioleslam 7/1/2011 Mot. Compel | Memorandum supporting Daioleslam's motion to compel production of server, filed on July 1, 2011 (JA__-__) |
| Daioleslam Disc. Status Report | Daioleslam's discovery status report, filed on February 14, 2011 (JA__-__) |
| Daioleslam Disc. Status Report Exs. | Exhibits attached to Daioleslam's discovery status report, filed on February 14, 2011 (JA__-__) |
| Daioleslam Omnibus Sanctions Mot. | Daioleslam's memorandum supporting omnibus sanctions motion, filed on September 16, 2011 (JA__-__) |
| Daioleslam's Proposed Form of Order | Proposed form of order filed by Daioleslam on June 8, 2010 (JA__-__) |

| | |
|---|---|
| Daioleslam Reply Mem. Exs. | Exhibits attached to Daioleslam's reply to NIAC's opposition to Daioleslam's motion to compel production of server, filed on August 16, 2011 (JA__-__) |
| Docket Nos. | Docket numbers of documents filed in the district court in Parsi v. Hassan, 1:08-cv-705 (JDB) (JA__-__). |
| ESI | Electronically Stored Information |
| Gmail | Google Mail |
| IIC | Iranians for International Cooperation |
| IT | Information Technology |
| J. | Final judgment entered by district court on April 8, 2013 (JA__-__) |
| Mem. Op. 1 | Memorandum opinion issued by the district court on February 4, 2009 (Parsi v. Daioleslam, 595 F.Supp.2d 99 (D.D.C. 2009)) (JA__-__) |

| | |
|---|---|
| Mem. Op.2 | Memorandum opinion issued by the district court on September 13, 2012 (Parsi v. Daioleslam, 890 F.Supp.2d 77 (D.D.C. 2012)) (JA__-__) |
| Mem. Op.3 | Memorandum opinion issued by the district court on September 13, 2012 (Parsi v. Daioleslam, 286 F.R.D. 73 (D.D.C. 2012)) (JA__-___) |
| Mem. Op. 4 | Memorandum opinion and order issued by the district court on April 8, 2013 (JA__-__) |
| NIAC | National Iranian American Council |
| NIAC 3/4/2010 Opp'n | NIAC's memorandum in opposition to Daioleslam's first motion to compel, filed on March 4, 2010 (JA__-__) |
| NIAC 6/2/2010 Exs. | Exhibits attached to NIAC's supplemental opposition to Daioleslam's first motion to compel, filed on June 2, 2010 (JA__-__) |

| | |
|---|---|
| NIAC 6/2/2010 Supplemental Opp'n | NIAC supplemental opposition to Daioleslam's first motion to compel, filed on June 2, 2010 (JA__-__) |
| NIAC Disc. Status Report | NIAC's discovery status report, filed on February 15, 2011 (JA__-__) |
| NIAC Mot. Recons. | NIAC's memorandum supporting its motion for reconsideration of district court's July 1, 2010, order, filed on July 15, 2010 (JA__-__) |
| NIAC Mot. Recons. Exs. | Exhibits attached to NIAC's memorandum supporting its motion for reconsideration of district court's July 1, 2010, order, filed on July 15, 2010 (JA__-__) |
| NIAC's Objections to Proposed Form of Order | NIAC's objections to Daioleslam's proposed form of order, filed on June 10, 2010 (JA__-__) |
| NIAC Opp'n Exs. | Exhibits attached to NIAC's memorandum opposing Daioleslam's July 1, 2011, motion to compel, filed on August 1, 2011 (JA__-__) |

| | |
|---|---|
| NIAC Opp'n to 7/1/2011 Mot. Compel | NIAC memorandum opposing Daioleslam's July 2, 2011, motion to compel, filed on August 1, 2011 (JA__-__) |
| NIAC Opp'n to Omnibus Sanctions Mot. | NIAC's opposition to Daioleslam's Omnibus Sanctions Motion, filed on October 28, 2011 (JA__-__) |
| NIAC Reply Mem. Mot. Recons. | NIAC's reply memorandum to Daioleslam's opposition to NIAC's motion for reconsideration, filed on July 30, 2010 (JA__-__) |
| Not. Appeal | NIAC's notice of appeal, filed on October 12, 2012 (JA__-__) |
| Order I | District court's July 1, 2010, order (JA__-__) |
| Order II | District court's August 6, 2010, order (JA__-__) |
| Order III | District court's March 29, 2011, order (JA__-__) |
| Order III | District court's August 30, 2011, order (JA__-__) |
| Outlook | Microsoft Outlook |

| | |
|---|---|
| PwC | PricewaterhouseCoopers |
| pst | Personal Storage Table |
| Tr.1 | Transcript of June 3, 2010, telephonic conference (JA__-__) |
| Tr.2 | Transcript of September 15, 2010, status conference (JA__-__) |
| Tr.3 | Transcript of December 17, 2010, status conference (JA__-__) |
| Tr.4 | Transcript of March 4, 2011, motions hearing (JA__-__) |
| Tr.5 | Transcript of June 3, 2011, status conference (JA__-__) |
| Tr.6 | Transcript of August 30, 2011, discovery hearing (JA__-__) |
| Tr.7 | Transcript of July 6, 2012, motions hearing (JA__-__) |